IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JANE DOE, | Civ. No. 6:21-cv-00314-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| THE CITY OF BATON ROUGE, et al., | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on Motions to Dismiss filed by numerous Defendants. ECF Nos. 181, 185, 193, 199, 211, 213, 215, 221, 223, 251, 254, 257, 264, 267, 269, 274, 279, 286, 288, 293, 311, 321, 342. The Court concludes that this matter is proper for resolution without oral argument. LR 7-1(d)(1). For the reasons discussed below, this case is DISMISSED.

## LEGAL STANDARDS

Parties may move to dismiss an action for improper venue under Federal Rule of Civil Procedure 12(b)(3). 28 U.S.C. § 1406(a) provides that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1391(b) defines when venue is proper and allows a plaintiff to bring a civil action in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

(3) if there is no judicial district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Courts should look to the categories of § 1391(b) to determine if venue that has been challenged is proper. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55-56 (2013). If the case falls into one of the three categories of § 1391(b), venue is proper. *Id.* at 56. If the case does not fall into one of the three categories, "venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.*

## DISCUSSION

The allegations of the voluminous and disjointed First Amended Complaint ("FAC"), ECF No. 115, will not be reproduced here except as necessary.

Several of the moving Defendants have challenged the propriety of the District of Oregon as the venue for this action by filing motions under Rule 12(b)(3). None of the Defendants are residents of Oregon and venue is not proper under § 1391(b)(1). Under § 1391(b)(2), venue is proper if a substantial part of the events or omissions giving rise to the claims occurred in the district. Despite Plaintiff's arguments to the contrary in her over-long response briefs, essentially every complained-of act occurred in Louisiana. The only connection this case has to Oregon is that Plaintiff moved

here and alleges that she is still subject to the conspiracy among the Defendants. Venue is not proper in Oregon under § 1392(b)(2).

And finally, under § 1391(b)(3), if no district exists in which an action may be brought, venue is proper in any judicial district in which any defendant is subject to the court's personal jurisdiction. In this case, venue would be proper in the United States District Court for the Middle District of Louisiana under § 1392(b)(2) and so the Court need not reach the question of personal jurisdiction over the various Defendants or the other defects in the FAC.

Plaintiff did, in fact, litigate her claims in the Middle District of Louisiana and the case was dismissed on the merits shortly before Plaintiff filed this action in the District of Oregon. *Doe v. City of Baton Rouge*, CIVIL ACTION NO. 20-CV-514-JWD-EWD, 2021 WL 304392 (M.D. La. Jan. 29, 2021). Dismissal, rather than transfer, is the proper remedy when a plaintiff seeks to bring her action in the wrong forum after losing an action on similar claims in the proper forum. *King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992); *see also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983) ("Justice would not be served by transferring Wood's claims back to a jurisdiction that he purposefully sought to avoid through blatant forum shopping.").

The Court concludes that venue is not proper in this action. Because Plaintiff's claims were resolved on the merits in a prior action in the Middle District of Louisiana, the Court concludes that it would not be in the interests of justice to transfer this case to that District and concludes dismissal is the appropriate remedy.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motions to dismiss for improper venue and this case is DISMISSED. All other pending motions are denied as moot. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___18th___ day of March 2022.

                                            /s/Ann Aiken
                                            ANN AIKEN
                                            United States District Judge