IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JANE DOE, | Civ. No. 6:21-cv-00314-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| THE CITY OF BATON ROUGE, et al., | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on Plaintiff's Rule 60(b) and Rule 59(e) Motion for Relief from Judgment and Leave to Amend the Complaint. ECF No. 429. The Court concludes that this matter is proper for resolution without oral argument. LR 7-1(d)(1). For the reasons discussed below, Plaintiff's Motion is DENIED.

## DISCUSSION

Plaintiff seeks to set aside the Court's Order of Dismissal and Judgment, ECF Nos. 422, 423, pursuant to Rule 60(b) and Rule 59(e) and seeks to file an amended complaint in this action.

Under Rule 59(e), a party may move "to alter or amend a judgment" within 28 days of its entry. Fed. R. Civ. P. 59(e). A motion for reconsideration under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

877, 890 (9th Cir. 2000) (internal quotation marks and citations omitted). A district court may grant a Rule 59(e) if it is presented with "newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). This standard presents a "high hurdle" for a litigant seeking reconsideration under Rule 59(e). *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

Federal Rule of Civil Procedure 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" based on (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before." *United States v. Westlands Water Dist.*, 134 F. Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*

Here, Plaintiff asserts that there is newly discovered evidence that "strongly affects jurisdictional considerations including venue based on which the Plaintiff's legal action has been dismissed." Pl. Mot. 2. Plaintiff contends that "most" of the evidence "has become known and apparent to Plaintiff in March 2022." *Id.* at 4.

Plaintiff does not identify this newly discovered evidence, other than vague allusions to being "attacked by the chemical weapons and toxins," and being unable to access an unidentified medical procedure. Doe Decls. ECF Nos. 430, 443. Plaintiffs asserts that she discovered this information in March 2022, although Plaintiff offers only her own conclusory statement to support this claim.

As noted, Rule 59(e) represents an extraordinary remedy which is to be granted only sparingly. Plaintiff's conclusory motion and declarations fall well short of meeting the "high hurdle" she must clear to achieve relief under Rule 59(e). With respect to Rule 60(b)(2), the moving party must show "that the evidence (i) is newly discovered; (ii) could not have been discovered through due diligence; and (iii) is of such a material and controlling nature as will probably change the outcome." *United States v. Tanoue*, 165 F.R.D. 96, 97 (D. Haw. 1995). Plaintiff's motion and declarations describe the "newly discovered evidence" in the vaguest terms, without showing that it could not have been discovered earlier or that the evidence of a material or controlling nature. The Court concludes that Plaintiff has failed to meet her burden under Rule 60(b)(2). Plaintiff's motion does not address any of the other grounds for reconsideration or relief from judgment and the Court finds that Plaintiff does not meet the requirements of those sections.

To the extent that Plaintiff seeks leave to amend, Plaintiff has not supplied the Court with a proposed amended complaint. LR 15-1(d)(1). Nor does Plaintiff describe the proposed amendments. LR 15-1(c). Without such information, the Court is unable to assess the propriety of allowing the proposed amendments, even if Plaintiff

had met the requirements for reconsideration or the setting aside of the judgment under Rules 59(e) or 60(b). *See Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) (holding "a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60.").

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion, ECF No. 429, is DENIED. Defendant Liggett Vector Brands, LLC's Motion for Joinder in Responses from Defendants Oppositions to Plaintiff's Motion for Relief from Judgment, ECF No. 435, is GRANTED.

It is so ORDERED and DATED this ___22nd___ day of June 2022.

                                           /s/Ann Aiken
                                        ANN AIKEN
                                        United States District Judge